1  Eric A. Buresh (*pro hac vice* to be filed)
   eburesh@shb.com
2  Michelle L. Marriott (*pro hac vice* to be filed)
   mlmarriott@shb.com
3  Paul Hart (*pro hac vice* to be filed)
   phart@shb.com
4  **SHOOK, HARDY & BACON, L.L.P.**
   2555 Grand Boulevard
5  Kansas City, MO 64108
   Telephone: (816) 474-6550
6  Facsimile: (816) 421-5547

7  Andrew L. Chang (SBN: 222309)
   achang@shb.com
8  **SHOOK, HARDY & BACON L.L.P.**
   One Montgomery, Suite 2700
9  San Francisco, California 94104-4505
   Telephone: (415) 544-1900
10 Facsimile: (415) 391-0281

11 Attorneys for Defendants
   UBISOFT ENTERTAINMENT and
12 UBISOFT, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

OCT 11 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OG INTERNATIONAL LTD. and O-GAMES, INC., | Case No. 11-cv-4980 |
| Plaintiffs, | |
| v. | **UBISOFT ENTERTAINMENT AND UBISOFT, INC'S COUNTERCLAIM AND ANSWER** |
| UBISOFT ENTERTAINMENT and UBISOFT, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## UBISOFT'S COUNTERCLAIM AND ANSWER

Defendants Ubisoft Entertainment and Ubisoft, Inc. (collectively, "Ubisoft") hereby counterclaim against OG International Ltd. and O-Games, Inc. (collectively, "OG"), and answer OG's declaratory judgment counts as follows:

ANSWER AND COUNTERCLAIM

218794 v1

## UBISOFT'S CLAIMS AGAINST OG

### Factual Background

1.      Ubisoft seeks to immediately stop OG's improper efforts to capitalize on the success of Ubisoft's highly popular *Just Dance* series of dance-based video games.

2.      Ubisoft Entertainment develops the *Just Dance* series of dance-based video games. Ubisoft, Inc. distributes the *Just Dance* series of video games in the United States. The *Just Dance* series of games allow players to interact with the game by physically performing dance routines according to instructions provided by the games.

3.      Ubisoft released *Just Dance* for the Nintendo Wii video game platform in November 2009 to significant commercial success. Ubisoft built upon that success with *Just Dance 2*, released in October 2010, which became the largest selling third-party game for the Nintendo Wii platform. To date, Ubisoft has shipped more than 16 million copies of the *Just Dance* series worldwide.

4.      The franchise continues as Ubisoft released *Just Dance 3* in the United States on October 7, 2011. *Just Dance 3* is currently available on the Nintendo Wii and Microsoft Xbox 360 video game platforms, and will be released for the Sony Playstation 3 platform later this year.

5.      OG International Ltd. and O-Games, Inc. plan to release their first entry in the dance-based video game genre, *Get Up and Dance*, in the United States on or about November 1, 2011. Ex. A . *Get Up and Dance* will be available on both the Nintendo Wii and Sony Playstation 3 video game platforms.

6.      As detailed below, OG's *Get Up and Dance* game copies key elements of expression from the *Just Dance* series that are unique to Ubisoft's popular video game franchise, despite the fact that those elements could have been expressed in innumerable different ways that would not infringe Ubisoft's copyrighted works and trade dress.

7.      If released, OG's *Get Up and Dance* will compete directly with Ubisoft's *Just Dance* series of games. *Get Up and Dance* is currently being marketed as a pre-release in the same marketing channels as the *Just Dance* series, and will be offered for sale from the same national

218794 v1

1 | retailers. Ex. A (GameStop Pre-Release Order; Wal-Mart Pre-Release Order); Ex. B (*Just Dance 3*
2 | from Wal-Mart; *Just Dance 3* from Game Stop).

3 |      8.    If *Get Up and Dance* is released in the United States as planned on November 1,
4 | 2011, Ubisoft will be irreparably harmed.

5 | **Procedural Background**

6 |      1.    This lawsuit involves Ubisoft's claims against OG for copyright infringement, trade
7 | dress infringement, and unfair competition.

8 |      2.    In an effort to resolve these claims without litigation, Ubisoft began corresponding
9 | with OG in August 2011. After OG repeatedly refused to address Ubisoft's concern with in-game
10 | content in *Get Up and Dance*, counsel for Ubisoft sent a Cease and Desist demand and stated,
11 | clearly and explicitly, that Ubisoft would file a lawsuit no later than October 10, 2011 if OG would
12 | not agree to modify its game:

13 |     You must either modify the game to remove, at a minimum, the similarities with *Just Dance*
14 |     outlined above, or stop distribution altogether. If you refuse to do so, Ubisoft will file suit
15 |     for copyright infringement, unfair competition, and trade dress infringement no later than
16 |     October 10, 2011.

17 |      3.    Ubisoft later clarified that, because the federal court was scheduled to be closed on
18 | October 10, 2011 for a federal holiday, "Ubisoft will file suit no later than October 11, 2011."

19 |      4.    Rather than seek to remedy Ubisoft's copyright, trade dress, and unfair competition
20 | claims, OG chose a race to the courthouse. On October 7, 2011 – four days before the specified date
21 | on which Ubisoft had informed OG it would file suit if the parties could not reach an accord – OG
22 | filed a declaratory judgment action against Ubisoft for the very claims that Ubisoft informed OG it
23 | would be filing. As of the date of this filing, OG still has not informed Ubisoft that it filed the
24 | instant lawsuit.

25 |      5.    Because Ubisoft provided OG with a specific, concrete indication that it would file
26 | suit by October 11, 2011 if the parties had not reached an accord, OG's race to the courthouse is
27 | anticipatory and improper. *See Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D.

28 |

218794 v1

Cal. 2003) ("A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent.").

6.      Despite OG's improper tactics, Ubisoft's chief concern is to immediately prevent the illegal release of OG's *Get Up and Dance* video game, which is currently set to be released on November 1, 2011 in the United States.  Because OG, by filing this action, has consented to jurisdiction and venue in this Court and eliminated potential delays associated with service of process on a United Kingdom corporation, Ubisoft will expeditiously pursue its claims against OG in this action.  However, Ubisoft is the true plaintiff in this action, and Ubisoft reserves its right to challenge OG's assertion of declaratory judgment jurisdiction.

### Parties

7.      Defendant Ubisoft Entertainment is a French corporation with its principal place of business in Montreuil-sous-Bois, France.

8.      Defendant Ubisoft, Inc. is a California corporation with its principal place of business at 625 3rd Street, San Francisco, California, 94107.

9.      Plaintiff OG International Ltd. is a corporation registered with the United Kingdom Registrar of Companies with its registered address at 5 Jupiter House, Calleva Park, United Kingdom, RG7 8NN and its principal place of business at 17 Bridle Close, Finedon Road Industrial Estate, Wellingborough, Northants, United Kingdom.

10.      Plaintiff O-Games, Inc. is a Delaware corporation, with its principal place of business at 2711 Centerville, Road, Suite 400, Wilmington, Delaware 19808.

11.      According to OG's declaratory judgment complaint, OG is "the author and producer" of *Get Up and Dance*.

### JURISDICTION AND VENUE

12.      This court generally has subject matter jurisdiction over actions for copyright infringement under the United States Copyright Laws, 15 U.S.C. §§ 501 *et seq.*, trade dress infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and unfair competition under

ANSWER AND COUNTERCLAIM

218794 v1

California Business and Professions Code §§ 17200 *et seq.* under 28 U.S.C. §§ 1331, 1338, and 1367.

## FACTUAL ALLEGATIONS

13.     Multiple dance-based video games exist in the market place both before and contemporaneous with Ubisoft's *Just Dance* series of games.

14.     The primary protectable visual elements in nearly all games of this genre are (1) a central dancing figure, or "avatar," that performs the dance routine players attempt to emulate and (2) "instructor" elements that identify the particular dance moves players must attempt to perform during the game.  These prominent visual elements garner the visual focus of both players and non-players alike, and are thus key identifying features that serve to distinguish between competing games of the genre.

**Ubisoft's Unique and Original Protected Expression**

15.     Ubisoft's *Just Dance* series is set apart from competitors by its unique, original, and immediately identifiable expression of its "avatar" and "instructor" elements.



Ex. C (*Just Dance* Screenshots).

218794 v1

16.     Ubisoft's avatars (depicted above) are unique, original, and immediately identifiable, and are consistent across *Just Dance*, *Just Dance* 2, and *Just Dance* 3.   Distinct from the many different expressions of avatars in competing games (examples depicted below), Ubisoft's avatars depict partially silhouetted stylized dancer with white skin and bright clothing.   These expressive characteristics create a unique look that sets the *Just Dance* games apart from other games in the genre, as represented below.

| Avatars from Ubisoft's *Just Dance* series of video games |
| :---: |

 

| Avatars in other dance-based games |
| :---: |

  

Ex. C (*Just Dance* Screenshots); Ex. D (Competing Game Screenshots).

6

ANSWER AND COUNTERCLAIM

17.     Ubisoft also has developed unique, original, and immediately identifiable "instructors" that relay particular dance moves to the player.  Again, Ubisoft's instructors are distinct from those used in other games in the genre, as shown below.

| Instructors from Ubisoft's *Just Dance* series of video games |
|---|
|    |
| **Instructors in competing games** |
|    |

Ex. C (*Just Dance* Screenshots); Ex. D (Competing Game Screenshots).

18.     Ubisoft owns the copyrights in its original and creative expression incorporated in each of the *Just Dance* games.  Further, Ubisoft Entertainment filed copyright registration applications for both *Just Dance* and *Just Dance* 2 with the Copyright Office on July 11, 2011.  Ex. E (Copyright Registrations).  These applications are currently pending and are presumed valid upon issuance.

**OG's *Get Up and Dance* Copies Without Authority Ubisoft's Copyrighted Works**

ANSWER AND COUNTERCLAIM

218794 v1

19.    OG has announced the release of their first entry in the dance-based video game genre, *Get Up and Dance*, in the United States on November 1, 2011 for both the Nintendo Wii and Sony Playstation 3 video game platforms.

20.    Despite the fact that OG could have expressed its avatars and instructors in innumerable different ways as demonstrated by other games in the genre, OG opted instead to copy Ubisoft's copyrighted works nearly identically.

21.    Like Ubisoft's games, OG chose to use avatars that depict partially silhouetted stylized dancer with white skin and bright clothing.  Accordingly, they appear nearly identical to and substantially the same as Ubisoft's protected expression:



| *Just Dance* | *Get Up and Dance* |

Ex. C (*Just Dance* Screenshots); Ex. F (*Get Up and Dance* Screenshots).

22. OG similarly chose to copy Ubisoft's instructors:

ANSWER AND COUNTERCLAIM

218794 v1



Ex. C (*Just Dance* Screenshots); Ex. F (*Get Up and Dance* Screenshots).

23.    A comparison of OG's *Get Up and Dance* with Ubisoft's *Just Dance* series demonstrates copying of these key elements of protectable expression by OG and thus the copyrighted works themselves.

### FIRST CAUSE OF ACTION

#### (Federal Copyright Infringement)

#### (17 U.S.C. § 501 et seq.)

24.    Ubisoft realleges and incorporates by reference the allegations set forth in paragraphs 1-23 above.

25.    At all relevant times, Ubisoft has owned all applicable rights, titles and interest in and to Ubisoft's copyrighted works *Just Dance*, *Just Dance 2*, and *Just Dance 3*.

26.    Ubisoft has complied in all respects with Title 17 of the United States Code and has filed for copyright registrations for *Just Dance* and *Just Dance* 2 with the Copyright Office.

218794 v1

27. If released in the United States, *Get Up and Dance* will infringe Ubisoft's copyrighted works by copying, using, and/or distributing Ubisoft's copyrighted works without the consent of Ubisoft and in disregard of Ubisoft's exclusive rights under copyright.

28. On information and belief, OG has acted with full knowledge of Ubisoft's rights under copyright without regard for the damage Ubisoft will incur due to OG's activities.

29. OG's planned actions demonstrate an intentional, willful, and malicious intent to infringe upon Ubisoft's copyrights which, if not enjoined, will result in irreparable injury to Ubisoft.

30. Ubisoft is entitled to immediate injunctive relief and damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Federal Trade Dress Infringement)

### (15 U.S.C. § 1051 et seq.)

31. Ubisoft realleges and incorporates by reference the allegations set forth in paragraphs 1-30 above.

32. Ubisoft's trade dress in its *Just Dance* series of games includes Ubisoft's creative expression of its avatars and instructors. The expression of these elements is non-functional and is an inherently distinctive indicator of origin that distinguishes the *Just Dance* series from other games in the genre.

33. Ubisoft includes screen shots of its unique, original, and immediately identifiable avatars and instructors on the packaging of *Just Dance*, *Just Dance* 2 and *Just Dance* 3.

34. If OG's activities are not enjoined, the public will confuse OG's *Get Up and Dance* with Ubisoft's *Just Dance* series, in part because (1) Ubisoft's trade dress is a strong indicator of origin, (2) OG incorporates Ubisoft's trade dress nearly identically in *Get Up and Dance*, (3) OG's *Get Up and Dance* will compete directly with Ubisoft's *Just Dance* series and will use common marketing channels, and (4) even before the release of *Get Up and Dance*, there is evidence of actual confusion.

ANSWER AND COUNTERCLAIM

218794 v1

35.     On information and belief, OG has acted with full knowledge of Ubisoft's trade dress rights without regard for the damage Ubisoft will incur due to OG's activities.

36.     OG's planned actions demonstrate an intentional, willful, and malicious intent to infringe upon Ubisoft's trade dress which will result in irreparable injury to Ubisoft.

37.     Ubisoft is entitled to immediate injunctive relief and damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Unfair Competition)

### (California Business and Professions Code §§ 17200 et seq.)

38.     Ubisoft realleges and incorporates by reference the allegations set forth in paragraphs 1-37 above.

39.     OG will engage in unlawful, unfair and/or fraudulent business acts and practices within the meaning of California Business and Professions Code §§ 17200 *et seq.* Specifically, If not enjoined from releasing *Get Up and Dance*, OG will infringe Ubisoft's trade dress, causing consumer confusion, in violation of the Lanham Act.

40.     Ubisoft is entitled to immediate injunctive relief and damages in an amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Ubisoft requests entry of judgment in its favor against OG as follows:

A. Enter judgment that the release of OG's *Get Up and Dance* game will infringe Ubisoft's copyrights and Ubisoft's *Just Dance* trade dress;

B. Preliminarily enjoin and/or temporarily restrain OG and its officers, directors, agents, employees, representatives, and all persons or entities acting in concert with OG, from releasing *Get Up and Dance* in the United States, thereby preventing infringement of Ubisoft's copyrights and Ubisoft's *Just Dance* trade dress;

218794 v1

C. Permanently enjoin OG and its officers, directors, agents, employees, representatives, and all persons or entities acting in concert with OG, from infringing Ubisoft's copyrights and Ubisoft's *Just Dance* trade dress;

D. Award Ubisoft damages for OG's copyright infringement as provided under 17 U.S.C. § 504, together with prejudgment and post-judgment interest;

E. An accounting of OG's profits pursuant to 15 U.S.C. § 1117;

F. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

G. That OG account for and disgorge to Ubisoft profits realized by OG by reason of OG's unlawful acts herein alleged and that those profits be increased as provided by law;

H. Punitive damages as provided by law;

I. Award Ubisoft its costs of suit incurred herein, including its attorneys' fees as provided under 17 U.S.C. § 505, 15 U.S.C. § 1117, and California Code of Civil Procedure § 1021.5;

J. Reasonable funds for future corrective advertising;

K. That this Court retain jurisdiction of this action for the purpose of enabling Ubisoft to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof;

L. Award to Ubisoft any such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## UBISOFT'S ANSWER TO OG's COMPLAINT

Ubisoft hereby answers OG's Complaint for Declaratory Judgment of Non-Infringement and No Unfair Competition ("Complaint") as follows:

1.  Ubisoft admits that OG purports to file a declaratory judgment action of non-infringement and no unfair competition, but denies that OG has established declaratory judgment jurisdiction or states a meritorious claim. Ubisoft denies the remaining allegations of Paragraph 1.

## PARTIES

2.  On information and belief, Ubisoft admits the allegations of Paragraph 2.

ANSWER AND COUNTERCLAIM

218794 v1

3.     On information and belief, Ubisoft admits the allegations of Paragraph 3.

4.     On information and belief, Ubisoft admits that OG International and O-Games USA develop and publish video games that are sold to individuals in this jurisdiction. Ubisoft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 4, and therefore denies the same.

5.     Ubisoft admits the allegations of Paragraph 5.

6.     Ubisoft admits the allegations of Paragraph 6.

7.     Ubisoft admits that it develops and publishes video games, which are distributed in the United States and sold to individuals within the jurisdiction of this Court. Ubisoft denies the remaining allegations of Paragraph 7.

## JURISDICTION AND VENUE

8.     Ubisoft admits that this Court has jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and over copyright, trade dress, and unfair competition pursuant to 28 U.S.C. § 1338, but denies that this Court has jurisdiction over OG's declaratory judgment claim. Ubisoft admits that this Court has supplemental subject matter jurisdiction over claims arising under California's unfair competition law pursuant to 28 U.S.C. § 1367.

9.     Ubisoft does not contest that this Court has personal jurisdiction over Ubisoft, and further admits that it conducts business in the State of California and within this district, and sells products, on the internet and otherwise, to California residents. Ubisoft denies the remaining allegations of Paragraph 9.

10.    Ubisoft does not contest that venue is proper in this district.

11.    Ubisoft denies that an actual case or controversy had arisen between the parties as of the filing of OG's declaratory judgment action on October 7, 2011. Ubisoft had previously informed OG that it would file suit for copyright infringement unfair competition, and trade dress infringement no later than October 11, 2011. Because Ubisoft provided OG with a specific, concrete indication that it would file a lawsuit by October 11, 2011, OG's attempt to file this anticipatory lawsuit is improper. Ubisoft denies the remaining allegations of Paragraph 11.

ANSWER AND COUNTERCLAIM

218794 v1

1

**CASE AND CONTROVERSY**

2          12.    Ubisoft denies that an actual case or controversy had arisen between the parties as of

3  the filing of OG's declaratory judgment action on October 7, 2011. Ubisoft had previously informed

4  OG that it would file suit for copyright infringement unfair competition, and trade dress

5  infringement no later than October 11, 2011. Because Ubisoft provided OG with a specific, concrete

6  indication that it would file a lawsuit by October 11, 2011, OG's attempt to file this anticipatory

7  lawsuit is improper. Ubisoft specifically denies that OG is entitled to have a declaration pursuant to

8  the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Ubisoft denies the remaining

9  allegations of Paragraph 12.

10

**FACTS**

11          13.    On information and belief, Ubisoft admits that OG developed and produced a video

12  game entitled *Get Up and Dance*, but denies that it is original. Ubisoft denies the remaining

13  allegations of Paragraph 13.

14          14.    Ubisoft denies that OG independently created each element of the *Get Up and Dance*

15  video game. Ubisoft lacks knowledge or information sufficient to form a belief as to the remaining

16  allegations of Paragraph 14.

17          15.    Ubisoft lacks knowledge or information sufficient to form a belief as to the

18  allegations of Paragraph 15.

19          16.    Ubisoft admits that *Get Up and Dance* is marketed in the United States through OG's

20  website, as well as through websites of retailers in the United States. Ubisoft further admits on

21  information and belief that *Get Up and Dance* is distributed in the United States through Crave

22  Games, Inc.

23          17.    Ubisoft admits that its ownership in the copyright in *Just Dance*, *Just Dance 2*, and

24  *Just Dance 3* vested upon fixation of the works. Ubisoft further admits that it formally applied to

25  register its copyrights in *Just Dance* and *Just Dance 2* on July 11, 2011. Ubisoft denies the

26  remaining allegations of Paragraph 17.

27

28

ANSWER AND COUNTERCLAIM

218794 v1

1    18.    Ubisoft lacks knowledge or information sufficient to form a belief as to the

2  allegations of Paragraph 18.

3    19.    Ubisoft admits that it notified OG of its concerns with respect to the release of *Get Up*

4  *and Dance* on multiple occasions, including letters dated August 16, 2011, August 29, 2011,

5  September 27, 2011, September 29, 2011, and October 6, 2011.   Ubisoft denies the remaining

6  allegations of Paragraph 19.

7    20.    Ubisoft admits that on September 29, 2011, Ubisoft formally demanded that OG

8  cease and desist from further publishing or distributing *Get Up and Dance* in its current form in the

9  United States.  Ubisoft plainly stated that "[i]f you refuse to do so, Ubisoft will file suit for copyright

10  infringement, unfair competition, and trade dress infringement no later than October 10, 2011."

11  Ubisoft further admits that on October 6, 2011, it informed OG in writing that due to federal court

12  closure on October 10, 2011, Ubisoft would be filing its lawsuit no later than October 11, 2011.

13  Ubisoft denies the remaining allegations of Paragraph 20.

14    21.    Ubisoft denies the allegations of Paragraph 21.

15    22.    Ubisoft denies the allegations of Paragraph 22.

16    23.    Ubisoft denies the allegations of Paragraph 23.

17    24.    Ubisoft denies the allegations of Paragraph 24.

18    25.    Ubisoft denies the allegations of Paragraph 25.

19    26.    Ubisoft denies the allegations of Paragraph 26.   Ubisoft specifically informed OG

20  that, absent a modification of the *Get Up and Dance* video game or its agreement to cease and desist

21  from further publishing or distributing the game in the United States, Ubisoft would file a lawsuit

22  against OG on October 11, 2011.

23          **COUNT I (DECLARATOY JUDGMENT OF NON-INFRINGEMENT OF**

24          **COPYRIGHT UNDER THE COPYRIGHT ACT, 17 U.S.C. § 101 ET SEQ.)**

25    27.    Ubisoft restates and incorporates by reference the answers set forth in Paragraphs 1-

26  26 above.

27

28

218794 v1

28.     Ubisoft admits that OG's *Get Up and Dance* video game constitutes copyright infringement, and further admits that Ubisoft specifically informed OG that it would file a lawsuit for copyright infringement against OG no later than October 11, 2011. Ubisoft denies the remaining allegations of Paragraph 28.

29.     Ubisoft denies that an actual, present, or justiciable controversy had arisen between the parties as of the filing of OG's declaratory judgment action on October 7, 2011. Ubisoft had previously informed OG that it would file suit for copyright infringement unfair competition, and trade dress infringement no later than October 11, 2011. Because Ubisoft provided OG with a specific, concrete indication that it would file a lawsuit by October 11, 2011, OG's attempt to file this anticipatory lawsuit is improper. Ubisoft therefore denies that OG is entitled to the issuance of a declaratory judgment. Ubisoft denies the remaining allegations of Paragraph 29.

30.     Ubisoft admits that OG purports to seek a declaratory judgment from this Court that their *Get Up and Dance* video game does not infringe Ubisoft's copyrights, but denies that OG states a meritorious claim and further denies that OG is entitled to a declaratory judgment.

31.     Ubisoft admits that OG purports to seek a declaratory judgment from this Court that their *Get Up and Dance* video game does not infringe Ubisoft's copyrights, but denies that OG states a meritorious claim and further denies that OG is entitled to a declaratory judgment. Ubisoft specifically denies that Ubisoft's *Just Dance* video game is not protectable under the Copyright Act. Ubisoft denies the remaining allegations of Paragraph 31.

## COUNT II (DECLARATOY JUDGMENT OF NON-INFRINGEMENT
## OF TRADE DRESS UNDER THE LANHAM ACT, 15 U.S.C. § 1051 ET SEQ.)

32.     Ubisoft restates and incorporates by reference its answers set forth in Paragraphs 1-31, above.

33.     Ubisoft admits that OG's *Get Up and Dance* video game constitutes trade dress infringement, and further admits that Ubisoft specifically informed OG that it would file a lawsuit for copyright infringement against OG no later than October 11, 2011. Ubisoft denies the remaining allegations of Paragraph 33.

ANSWER AND COUNTERCLAIM

218794 v1

34.     Ubisoft denies that an actual, present, or justiciable controversy had arisen between the parties as of the filing of OG's declaratory judgment action on October 7, 2011.  Ubisoft had previously informed OG that it would file suit for copyright infringement, unfair competition, and trade dress infringement no later than October 11, 2011.  Because Ubisoft provided OG with a specific, concrete indication that it would file a lawsuit by October 11, 2011, OG's attempt to file this anticipatory lawsuit is improper.  Ubisoft therefore denies that OG is entitled to the issuance of a declaratory judgment.  Ubisoft denies the remaining allegations of Paragraph 34.

35.     Ubisoft admits that OG purports to seek a declaratory judgment from this Court that their *Get Up and Dance* video game does not infringe Ubisoft's trade dress, but denies that OG states a meritorious claim and further denies that OG is entitled to a declaratory judgment.

36.     Ubisoft admits that OG purports to seek a declaratory judgment from this Court that their *Get Up and Dance* video game does not infringe Ubisoft's trade dress, but denies that OG states a meritorious claim and further denies that OG is entitled to a declaratory judgment.  Ubisoft specifically denies that Ubisoft's *Just Dance* video game is not protectable trade dress under the Lanham Act.  Ubisoft denies the remaining allegations of Paragraph 36.

## COUNT III (DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION
## UNDER THE LANHAM ACT, 15 U.S.C. § 1051 ET SEQ.)

37.     Ubisoft restates and incorporates by reference its answers set forth in Paragraphs 1-36, above.

38.     Ubisoft admits that OG's *Get Up and Dance* video game constitutes unfair competition, and further admits that Ubisoft specifically informed OG that it would file a lawsuit for copyright infringement against OG no later than October 11, 2011.  Ubisoft denies the remaining allegations of Paragraph 38.

39.     Ubisoft denies that an actual, present, or justiciable controversy had arisen between the parties as of the filing of OG's declaratory judgment action on October 7, 2011.  Ubisoft had previously informed OG that it would file suit for copyright infringement unfair competition, and trade dress infringement no later than October 11, 2011.  Because Ubisoft provided OG with a

17
ANSWER AND COUNTERCLAIM

specific, concrete indication that it would file a lawsuit by October 11, 2011, OG's attempt to file this anticipatory lawsuit is improper. Ubisoft therefore denies that OG is entitled to the issuance of a declaratory judgment. Ubisoft denies the remaining allegations of Paragraph 39.

40.     Ubisoft denies the allegations of Paragraph 40.

41.     Ubisoft admits that OG purports to seek a declaratory judgment from this Court that OG's development, publication, marketing and pending distribution and sale of *Get Up and Dance* does not constitute unfair competition, but denies that OG states a meritorious claim and further denies that OG is entitled to a declaratory judgment. Ubisoft denies the remainder of the allegations of Paragraph 41.

### COUNT IV (DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.)

42.     Ubisoft restates and incorporates by reference its answers set forth in Paragraphs 1-41, above.

43.     Ubisoft admits that OG's *Get Up and Dance* video game constitutes trade dress infringement, and further admits that Ubisoft specifically informed OG that it would file a lawsuit for copyright infringement against OG no later than October 11, 2011. Ubisoft denies the remaining allegations of Paragraph 43.

44.     Ubisoft denies that an actual, present, or justiciable controversy had arisen between the parties as of the filing of OG's declaratory judgment action on October 7, 2011. Ubisoft had previously informed OG that it would file suit for copyright infringement unfair competition, and trade dress infringement no later than October 11, 2011. Because Ubisoft provided OG with a specific, concrete indication that it would file a lawsuit by October 11, 2011, OG's attempt to file this anticipatory lawsuit is improper. Ubisoft therefore denies that OG is entitled to the issuance of a declaratory judgment. Ubisoft denies the remaining allegations of Paragraph 44

45.     Ubisoft denies the allegations of Paragraph 45.

46.     Ubisoft denies the allegations of Paragraph 46.

47.     Ubisoft denies the allegations of Paragraph 47.

18

ANSWER AND COUNTERCLAIM

218794 v1

1   48.   Ubisoft admits that OG purports to seek a declaratory judgment from this Court that

2   OG's development, publication, marketing and pending distribution and sale of *Get Up and Dance*

3   does not constitute unfair competition, but denies that OG states a meritorious claim and further

4   denies that OG is entitled to a declaratory judgment.  Ubisoft denies the remainder of the allegations

5   of Paragraph 48.

6                                  **PRAYER FOR RELIEF**

7   Ubisoft denies that OG is entitled to any relief in connection with the allegations of OG's

8   Complaint, including, without limitations, the allegations of Paragraphs 1 through 3 of OG's Prayer

9   for Relief.

10   To the extent that any allegation contained in OG's Complaint has not been specifically

11   admitted herein, it is hereby denied.  Ubisoft further denies any allegations that may be implied by or

12   inferred from the headings of OG's Complaint.

13

14   **DEFENDANTS UBISOFT HEREBY DEMANDS A TRIAL BY JURY**

15

16   Dated: October 11, 2011                **SHOOK, HARDY & BACON**

17                                          By: /s/ _____

18                                          Andrew L. Chang
                                            Attorneys for Defendants
19                                          UBISOFT ENTERTAINMENT and
                                            UBISOFT, INC.

20

21

22

23

24

25

26

27

28

ANSWER AND COUNTERCLAIM

218794 v1